## J. D. Nix v. The State.

Slaves are persons within the meaning of the statute concerning crimes; and where not otherwise provided, or where the relations arising out of the institution of slavery do not imply the reverse, the statutes enacted for the punishment of crimes, and especially crimes committed by violence to the person, apply equally to crimes committed by, or upon the person of a slave. (Chandler v. The State, 2 Tex. R. 305.)

An indictment will lie for the assaulting and cutting, or beating and wounding a slave, the property of another, by a person having no lawful provocation, and no authority to inflict chastisement upon the slave.

Articles 2559 and 2587 (Hart. Dig.) provide the punishment for cruel treatment and abuse of a slave by the master or person having control over the same, and do not apply to a case of violent assault and battery committed upon a slave by a person sustaining no such relation to the slave.

Where the defendant was found guilty of a violent assault and battery upon a slave described in the indictment as the property of another, it was held that the ownership was mere matter of description, and need not be proved.

Appeal from Harris. The defendant was indicted for committing an assault and battery "upon a colored woman, "named Lucy, a slave, the property of one Mrs. McRea, "whose christian name is to the jurors aforesaid unknown," with a drawn knife with which he "then and there did cut, "bruise and wound, beat, ill-treat and other wrongs to her, "the said Lucy McRea, then and there did." The evidence was that the defendant had committed a violent assault and battery "upon a negro woman named Lucy McRea, with a knife, with which he cut her." The jury returned, "We the "jury find the defendant guilty, and assess the punishment at "$25 fine, and ten days imprisonment in the county jail;" and the Court rendered judgment accordingly. The defendant moved a new trial, and among other grounds assigned the following: "The indictment was insufficient in law to sustain a verdict."

The verdict was contrary to law and the evidence.

It was not proved, nor was any evidence adduced to show

that the girl Lucy was the property of Mrs. McRea, as charged in the indictment.

This motion was overruled, and the defendant appealed and assigned for error,

The Court erred in refusing a new trial on the ground set out in the record.

The indictment charges no offence known to our law.

The Court had no jurisdiction to imprison under the indictment for ill-treating a slave.

*Sabin & Henderson*, for appellant. I. The indictment charges the appellant with an assault upon Lucy, a slave, the property of one Mrs. McRea, and concludes, against the form of the statute in such case made and provided. Hartley's Digest p. 780, Art. 2559, says, " That if any person unreason-" ably treat, or otherwise abuse any slave, he or she, on con-" viction, shall be fined in a sum not less than two hundred " and fifty dollars, nor more than two thousand dollars."

The indictment does not charge the offence in the words of the statute, which is necessary to its validity. (Bush v. Republic, 1 Tex. R. 455; Burch v. Republic, Id. 608; The State v. Ake, 9 Id. 322; The State v. West, 10 Id. 553.)

The statute does not affix a penalty of imprisonment. (Hart. Dig. Art. 2559, 2587.)

The above statutes are the only ones under which appellant could by law have been indicted, and the jury having found contrary to law, the Court should have granted a new trial.

II. The indictment having charged the appellant with an assault and wounding of a slave of a particular person named, the proof should have sustained both allegations. There was no proof that she was a slave, or that she was the property of Mrs. McRea, as charged in the indictment. (Hart. Dig. p. 780, 786.)

*Attorney General*, for appellee. We will first consider the

3rd ground in the assignment, " that the indictment charges
no offence known to our law," as presenting the most import-
ant, if not the only question in the case, and since the decision
of Chandler v. The State (2 Tex. R. 305) this would seem no
longer to be questionable, if ever it was in this State.   Upon
the principle of that case slaves are to be regarded as persons
when considered as the subjects of crime, and especially with
regard to those of violence against the person, except where
the right of the master to inflict chastisement upon them by
way of correction may be presented, and that right is not be-
fore the Court in this case, either upon the pleadings or in the
evidence.

It may as well be remarked here as under other grounds of
the assignment, that the counsel of the appellant, we con-
ceive, labor under a mistake in supposing that the indictment
in this case was intended to be or ought to have been framed
on Article 2587 of the Digest, to punish this cruel treatment
of slaves.   That Act was evidently intended mainly, if not
conclusively, to punish persons having the control of slaves,
for the cruel or unreasonable exercise of that control ; and in-
stead of taking the place of all Common Law remedies for of-
fences against the persons of slaves, it was doubtless intended
to extend them further protection than the Common Law did
or could (from the nature of that relation) by enforcing proper
treatment of them by those to whom they are subjected.   It
is, therefore, much to be doubted whether or not those who
have not the control of slaves could, under any circumstances,
be punished under this Act for any kind of violence towards
their persons ; but there can be no doubt that as to such of-
fenders this Act must be regarded at least, or almost, as cu-
mulative, where their conduct would have been an offence at
Common Law ; and this is the case here, and under this view
this indictment was properly framed as at Common Law.
This position is disposeable of the 4th assignment of error,
that is, the District Court had no jurisdiction to inflict pun-
ishment on defendant, if the proceeding is to be regarded as
at Common Law.

The 2nd assigned ground is of no consequence, as it simply complains of the District Court for passing sentence after notice of appeal. It is admitted that such sentence amounts to nothing; but this admission does not prejudice the case.

The only position on the motion for a new trial (which is brought in review by the 1st assigned error) deemed now worthy of notice, is, That there was no sufficient proof that the negro was the property of Mrs. McRea. There was no question about this fact at the trial. She was called Lucy McRea, and this was deemed sufficient evidence of who she was. Besides, it was wholly immaterial in this offence whose property she was, or whether she was a slave at all or not.

WHEELER, J. In the case of Chandler v. The State (2 Tex. R. 305) we held that slaves are persons within the meaning of the statutes concerning crimes; and that, where not otherwise provided, or where the relations arising out of the institution of slavery do not imply the reverse, the statutes enacted for the punishment of crimes, and especially crimes committed by violence to the person, apply equally to crimes committed by, or upon the person of a slave. Slaves are held to be persons within the meaning of the criminal laws in Virginia. (5 Rand. 660.) The interest of the master, as well as the dictates of humanity, require that they should be within the protection of the law, and so they have ever been considered in this State. The question, therefore, is, whether there is anything in the laws respecting slaves, or in the institution of slavery as it exists in this State, which will justify or render dispunishable an offence, of the character of that charged in the indictment and shown by the proof in this case, committed by a free man upon the person of a slave. And there certainly is not. There is no warrant to be found in the law, or in the institution of slavery, for the assaulting and cutting, or beating and wounding an unoffending slave, the property of another, by a free man, having no lawful provocation, and no authority to inflict chastisement upon the slave. The

present appears to have been a case of wanton, unprovoked, lawless violence, committed in a fit of drunkenness, upon an unoffending slave, without any pretence of authority, provocation or excuse. And we entertain no doubt that it was a crime against the law of nature and the laws of society ; and equally within the spirit and intention of the statute, as if it had been committed upon a free person.

It is insisted that the punishment for the offence charged is specially provided for in the Act concerning slaves, (Hart. Dig. Art. 2559, 2587,) and that the defendant was not punishable by indictment under the general statute concerning crimes.

The cruel treatment of slaves, for which punishment is provided in the Act referred to, has reference more especially to the cruel treatment of them by the owner, master, overseer, or some one having, for the time, the care or control of them. The Act was intended to apply to and govern or regulate the conduct of the master, in the relation subsisting between master and slave, and not to provide for a case like the present, of a crime committed upon the person of a slave by a simple act of violence, by one not having the custody or control, or any authority respecting the treatment of the slave, and not sustaining towards her the relation of master. Such a case was sufficiently provided for in the Act concerning crimes generally, and did not need for its punishment the aid of special legislation ; whereas such legislation was deemed necessary to regulate the conduct of the master in the relation of master and slave.

There is nothing in the objection that there was no proof of the ownership of the slave. That was mere matter of description, in no way material to the issue between the State and the accused, and did not require to be proved. The judgment is affirmed.

Judgment affirmed.